ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES CLIFFORD WILLIAMS         )      CV400-283
                                )      (underlying CR493-82)
        v.                      )
                                )
UNITED STATES OF AMERICA        )

## GOVERNMENT'S MOTION TO DISMISS

COMES NOW the United States of America, by and through Harry D Dixon, Jr., United

States Attorney for the Southern District of Georgia, and moves to dismiss the 28 U S C. § 2255

motion of petitioner James Clifford Williams as time-barred.

### BACKGROUND

A jury convicted Williams of conspiracy to possess with intent to distribute and distribute

cocaine and cocaine base, 21 U.S.C. § 846, use of a firearm in connection with a drug trafficking

crime, 18 U S C. § 924(c), distribution of cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm

by a convicted felon, 18 U.S C  § 924(g)  On March 14, 1994, the Court sentenced Williams to an

aggregate term of life imprisonment plus five years. Williams appealed (case number 94-8325)  The

court of appeals affirmed Williams' conviction but vacated his sentence, remanding the case to this

Court for a new sentencing hearing on the issue of drug quantity accountability

Pursuant to the Court of Appeals' mandate, the Court conducted a resentencing hearing on

April 11, 1997, and Williams again received a sentence of life imprisonment plus five years

Williams' second appeal (case number 97-8394) was unsuccessful.   On October 4, 1999, the

Supreme Court of the United States denied his petition for writ of certiorari. [See Exhibit A attached

hereto] Williams, however, mistakenly believes that the Supreme Court denied his petition in November 1999. [Br of Williams at 6] Williams, who is incarcerated, signed and dated the instant 28 U S C § 2255 motion on October 20, 2000, upon which it is deemed filed. See Adams v United States, 173 F 3d 1339, 1341 (11th Cir 1999)(adopting mailbox rule for pro se section 2255 filings)

## ARGUMENT AND CITATION OF AUTHORITY

The Anti-Terrorism Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U S C § 2255, establishes a one year period of limitations within which prisoners must file federal habeas petitions. 28 U.S.C. § 2255. This period of limitations runs from the latest of four possible dates, including the date on which the judgment of conviction becomes final. 28 U S.C. §2255(1) Based upon his misstatement that the Supreme Court denied his petition for writ of certiorari in November 1999 [Br. of Williams at 6], Williams apparently believes that his October 20, 2000, petition was timely filed within one year after his conviction became final. Since his petition actually was denied on October 4, 1999, however, Williams' current motion is time-barred.

Williams bears the burden of proving that his motion falls within one of the other three other starting dates  See, e.g., Akins v United States, 204 F.3d 1086, 1090 (11th Cir 2000)(noting petitioner has burden of showing applicability of section 2255(2)). If Williams argues that his single claim based upon Apprendi v. New Jersey, ___ U.S. ___, 120 S. Ct. 2348 (2000), falls within the purview of section 2255(3), he is mistaken.[1] Section 2255(3) pegs one possible starting date on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[1] Even if Williams argues that his Apprendi claim falls within the later starting date of section 2255(3), his five additional claims do not. Thus, they remain time-barred in light of Williams' failure to raise them within one year of the date that his conviction became final.

review." 28 U.S.C. §2255(3) (emphasis added). Considering similar language in the context of the second or successive petition requirements of section 2255, the Eleventh Circuit has held that the Supreme Court has not declared that Apprendi should be applied retroactively to cases on collateral review. In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000)(per curiam).

Relying on this similarity in language, one district court has found that section 2255(3) does not redeem an Apprendi claim in an otherwise time-barred motion. In United States v. Hopwood, 2000 WL 1770665 (D. Neb. Dec. 4, 2000)(attached hereto as Exhibit B), the district court rejected the magistrate judge's recommendation that Hopwood's Apprendi claim was timely under section 2255(3).[2] Id. at *2. In doing so, the district court relied upon the Eighth Circuit's decision in Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000):

> Although the Court of Appeals in Rodgers made such ruling with respect to a request for certification of a second or successive motion under §2255, allegedly based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the language of subsection (3) of the statute of limitations is sufficiently similar that it should be construed in the same manner. [footnote omitted] In other words, for purposes of applying the statute of limitations in §2255, there is no need to resort to a retroactivity analysis under Teague v. Lane, 489 U.S. 288 . . . (1989), [footnote omitted] because the only pertinent inquiry is whether the Supreme Court has made its decision retroactively applicable to cases on collateral review. [footnote omitted] Because the Supreme Court has not stated that the rule announced in Apprendi is to be applied retroactively, the 1-year statute of limitations in §2255 does not run from the date of that decision.

Id. But see Doe v. United States, 112 F. Supp. 2d 398, 402 (D.N.J. 2000)(allowing amendment to

---

[2] Hopwood's other claim – ineffective of assistance of counsel based upon failure to file a direct appeal – remained time-barred; the district court analyzed section 2255(3) only with regard to the Apprendi claim. See Hopwood, 2000 WL 1770665 at *1-*2.

raise Apprendi claim under section 2255(3) where amendment otherwise would be untimely) [3] As

in Hopwood, section 2255(3) does not render Williams' Apprendi claim timely [4]

    For these reasons, the government respectfully requests that the Court dismiss Williams'

section 2255 petition

                         Respectfully submitted,

                         HARRY D. DIXON, JR.
                         UNITED STATES ATTORNEY

                         Amy Lee Copeland
                         Assistant United States Attorney
                         Georgia Bar No. 186730

---

    [3] The government notes that the District of New Jersey is within the Third Circuit, which currently has not decided the applicability of Apprendi to second or successive petitions as in Joshua (Eleventh Circuit) or Rodgers (Eighth Circuit).

    [4] Even though Teague analysis may be unnecessary, it is the government's position that Apprendi does not apply to cases on collateral review under the non-retroactivity principle of Teague  See Jones v. Smith, ___ F.3d ___, 2000 WL 1664426 at *9 (9th Cir. Nov. 7, 2000) (declining under Teague in first 2254 petition to apply Apprendi insofar as it affects discrepancies between an information and jury instructions); see also United States v. Pittman, 2000 WL 1708962 at *4 (D. Oregon Nov. 15, 2000)(noting Jones' limited holding and finding Teague applies on an all-or-nothing, rather than piecemeal, basis so as to bar Pittman's Apprendi claims)  But see United States v. Nicholson, 231 F.3d 445, 2000 WL 1634731 at key notes 15-16(8th Cir. 2000)(treating direct appeal in which notice of appeal was untimely filed as a section 2255 petition without opposition from the government and applying Apprendi); Panse v. United States, 117 F. Supp. 2d 204, 209, n. 1 (D. Conn. 2000)(not discussing Teague but applying Apprendi to first section 2255 petition); United States v. Murphy, 109 F. Supp.2d 1059, 1064 (D Minn. 2000)(finding Apprendi retroactive under Teague).

# EXHIBIT A

120 S Ct 165 (Mem)
145 L Ed 2d 140, 68 USLW 3227
(Cite as: 120 S Ct. 165)

Supreme Court of the United States

Oct. 4, 1999

**James Clifford WILLIAMS petitioner,**
**v.**
**UNITED STATES.**

Case below  176 F 3d 492

Petition for writ of certiorari to the United States
Court of Appeals for the Eleventh Circuit denied.

**No. 98-10045.**

END OF DOCUMENT

# EXHIBIT B

2000 WL 1770665
**(Cite as: 2000 WL 1770665 (D.Neb.))**

Page 1

Only the Westlaw citation is currently available

United States District Court, D. Nebraska

**UNITED STATES of America, Plaintiff,**
**v.**
**Shon HOPWOOD, Defendant.**

**No. 4:98CR3056.**

Dec 4, 2000

MEMORANDUM AND ORDER

KOPF

*1 This matter is before the court on the Magistrate Judge's report and recommendation (filing 49) that Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U S C § 2255 (filing 44) be denied After having conducted a de novo review of the portions of the report and recommendation to which Defendant has filed objections (filing 51), pursuant to 28 U S C § 636(b)(1) and NELR 72.4, I will adopt the Magistrate Judge's recommendation

On October 28, 1998, Defendant waived indictment and pleaded guilty to five counts of bank robbery, in violation of 18 U S C 2113(a), and one count of use of a firearm during one of the robberies, in violation of 18 U S C 924(c)(1). He was sentenced on April 14, 1999, to 87 months imprisonment on the robbery charges, to be served concurrently, and to 60 months imprisonment on the firearm charge, to be served consecutively Defendant also was sentenced to 3 years' supervised release on all counts and was ordered to pay restitution and a special assessment Judgment was formally entered on April 16, 1999 (filing 40) No direct appeal was taken

In his § 2255 motion, Defendant claims (1) that he received ineffective assistance of counsel because a notice of appeal was not filed, and (2) that his sentence on the bank robbery charges is contrary to the Supreme Court's recent ruling in Apprendi v New Jersey, ___ U S ___, 120 S Ct. 2348, 147 L.Ed 2d 435 (2000), because under the Sentencing Guidelines the offense level was increased by 5 levels for brandishing or possessing a firearm, see U S S G § 2B3 1(b)(2)(C), without a jury determination of this issue

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, contains a 1 year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final,

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action,

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

Defendant concedes (in filing 51) that his claim of ineffective assistance of counsel is time-barred under subsection (1) above, and he does not allege the existence of any newly discovered facts which might make subsection (4) applicable I therefore will accept Defendant's concession regarding this claim and adopt the Magistrate Judge's recommendation In the interest of providing guidance for future cases, however, I note that the Magistrate Judge's report and recommendation is in error both as to the date on which Defendant's conviction became final and as to the date on which Defendant filed his § 2255 motion

*2 The Magistrate Judge's report and recommendation erroneously states that Defendant's conviction became final on April 28, 1999 This misstatement stems from two separate errors (1) concluding that Defendant had 10 days from the date of sentencing, April 14, 1999, in which to file a notice of appeal, and (2) applying Fed R Crim P 45(a) to exclude intermediate Saturdays and Sundays from the 10-day calculation

Pursuant to Fed R App P 4(b)(1)(A)(i), Defendant had 10 days after entry of judgment to file a notice of appeal Judgment was entered on April 16, 1999 See Fed R App P 4(b)(6), Fed R.Crim P 32(d)(1) The 10 day appeal period includes intermediate Saturdays, Sundays, and legal holidays See Fed R App P. 26(a) Defendant's conviction therefore became final on April 26, 1999 [FN1]

> FN1 If Defendant is entitled to the benefit of the 30 day excusable neglect period provided by Fed R App P 4(b)(4) for purposes of determining when the 1 year statute of limitations begins to run under § 2255, see, e g , United States v Walker, 194

Copr © West 2000 No Claim to Orig. U S. Govt. Works

F 3d 1307, 1999 WL 760237 (4th Cir Sept 17, 1999) (per curiam) (Table), then his conviction did not become final until May 26, 1999 I need not decide this issue, however, because Defendant's § 2255 motion also was not filed within 1 year of this extended date

The Magistrate Judge's report and recommendation also erroneously states that Defendant's § 2255 motion was filed on September 25, 1999 [FN2] Although this is the date that Defendant's motion (filing 44) was received and filed by the clerk of the court, it was mailed by Defendant on September 22, 2000 The effective date of filing in this instance is the mailing date See Moore v United States, 173 F 3d 1131, 1135 (8th Cir 1999) (holding that the prison mailbox rule applies to pro se § 2255 motions )

FN2 The Magistrate Judge's report and recommendation states that Defendant also erroneously applied to the United States Court of Appeals for the Eighth Circuit on August 1, 2000, for leave to file a second or successive § 2255 motion, and the file reflects that the Court of Appeals dismissed Defendant's application without prejudice on October 4, 2000 (filing 47) Because it appears that the application was not filed within 1 year after Defendant's conviction became final, there is no occasion to consider whether the statute of limitations was tolled

I also disagree with the Magistrate Judge's determination that Defendant's Apprendi claim is timely under subsection (3) of the § 2255 statute of limitations. In Rodgers v United States, 229 F 3d 704, 706 (8th Cir 2000), the Eighth Circuit ruled that the Supreme Court has not made Apprendi retroactive to cases on collateral review, as required by the plain language of § 2255

Although the Court of Appeals in Rodgers made such ruling with respect to a request for certification of a second or successive motion under § 2255, allegedly based upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," the language of subsection (3) of the statute of limitations is sufficiently similar that it should be construed in the same manner [FN3] In other words, for purposes of applying the statute of limitations in § 2255, there is no need to resort to a retroactivity analysis under Teague v Lane, 489 U S 288, 109 S Ct 1060, 103 L Ed 2d 334 (1989), [FN4] because the only pertinent inquiry is whether the Supreme Court has made its decision retroactively applicable

to cases on collateral review [FN5] Because the Supreme Court has not stated that the rule announced in Apprendi is to be applied retroactively, the 1-year statute of limitations in § 2255 does not run from the date of that decision

FN3 Similar language also appears in the statute of limitations that is applicable to habeas corpus petitions filed by state prisoners pursuant to 28 U S C § 2254 As provided in 28 U S C § 2244(d)(1)(C), a 1 year period of limitation runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review "

FN4 Teague holds that a Supreme Court decision which announces a new rule of criminal procedure does not apply retroactively to cases on collateral review unless (1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or (2) it is a "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding See Lambrix v Singletary, 520 U S 537, 539, 117 S Ct 1517, 1530-31, 137 L Ed 2d 771 (1997)

FN5 I recognize that this is not the approach that was taken in Nelson v United States, 184 F 3d 953 (8th Cir ), cert denied, ___ U S ___, 120 S Ct 549, 149 L Ed 2d 427 (1999), in which the Court of Appeals held that a § 2255 motion was time-barred because the claim presented (based on the Supreme Court's decision in Old Chief v United States, 519 U S 172, 117 S Ct 644, 136 L Ed 2d 574 (1997)) was determined by the Court not to be subject to either Teague exception The Nelson decision, however, pre-dates Rodgers Notably, the Court in Nelson cited with approval a Sixth Circuit decision, In re Green, 144 F 3d 384 (6th Cir 1998), which concerned the issue of whether a second or successive § 2255 motion raising an Old Chief claim should be certified under § 2244 Because the Sixth Circuit in Green determined this issue by applying a Teague retroactivity analysis rather than by simply examining the language of the Old Chief opinion, its decision is inconsistent with Rodgers

Even if Defendant's Apprendi claim could be reviewed at this time, I agree with the Magistrate Judge that it is without merit. The maximum penalty for bank robbery under 18 U S C § 2113(a), as to which Defended pleaded guilty, is 20 years Because Defendant's sentence is well below the statutory maximum, the Supreme Court's ruling in Apprendi is inapplicable See United States v Aguayo-Delgado,

2000 WL 1770665
**(Cite as: 2000 WL 1770665, \*2 (D.Neb.))**

                                                                              **Page 3**

220 F 3d 926, 933-34 (8th Cir 2000).

  \*3 Accordingly,

  IT IS ORDERED

  (1) the Magistrate Judge's recommendation (filing 49) is adopted,

  (2) Defendant's objections to the report and recommendation (filing 51) are denied, and

  (3) Defendant's motion pursuant to 28 U S C § 2255 (filing 44) is denied

END OF DOCUMENT

Copr © West 2000 No Claim to Orig U S Govt Works

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the government's motion to dismiss the 28 U.S C

§ 2255 motion of James Clifford Williams has been mailed to:

James Clifford Williams, Reg. No. 08355-021
Federal Correctional Institution
PO Box 7007
Marianna, FL 32447-7007

This 5th day of December, 2000.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Amy Lee Copeland
Assistant United States Attorney
Georgia Bar No. 186730

United States Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422